# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMOND TYRONE DAVIS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JACQUELINE M. BLUTH, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 80534

FILED

MAY 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in a criminal case.

Having reviewed the parties' arguments and the record in this case, including the evidentiary hearing on the motion to dismiss, we are not convinced that our extraordinary intervention is warranted. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779-80 (2011) ("[T]he decision to entertain an extraordinary writ petition lies within our discretion . . . ."). Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Silver

20-18420

cc: Hon. Jacqueline M. Bluth, District Judge
Mueller & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

STIGLICH, J., dissenting:

The majority erred in resolving this case by summary disposition, because the merits involve a serious deprivation of constitutional rights warranting this court's intervention. For 31 months, the State knew of petitioner Raymond Davis's home address and whereabouts. In fact, Davis himself confirmed his address and publicly acknowledged his whereabouts online. Yet for 31 months, the State made no effort to arrest Davis in Nevada. This gross negligence prejudiced Davis and clearly violated his Sixth Amendment right to a speedy trial, particularly in light of our recent decision in *State v. Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d 727 (2019). For this reason, I must dissent.

On September 27, 2016, Davis was charged by way of information with two counts of sexual assault of a minor under 14 years of age, sexual assault of a minor under 16 years of age, two counts of lewdness with a child under the age of 14, and open or gross lewdness. An arrest warrant was issued two days later. The arrest was not performed until April 20, 2019, approximately 31 months after the charges were filed. At his arraignment, Davis invoked his right to a speedy trial. He subsequently filed a motion to dismiss claiming that the State violated his constitutional right to a speedy trial through pre-arraignment delay, which the district court denied. Davis petitioned this court for a writ of mandamus.

*This court should entertain Davis's writ petition*

The majority's decision not to intervene is incorrect. Davis does not have "a plain, speedy and adequate remedy in the ordinary course of law." *See* NRS 34.170 ("This writ shall be issued in all cases where there is

not a plain, speedy and adequate remedy in the ordinary course of law.") Without this court's intervention, Davis will remain incarcerated and, if convicted, stay incarcerated for a lengthy sentence or arduous appeal process, all based on a trial that occurred in clear violation of his Sixth Amendment right. We therefore should have, at the very minimum, entertained Davis's writ petition.

*The district court abused its discretion in denying Davis's motion to dismiss*

The court reviews a district court's decision to deny a motion to dismiss charges based on a speedy trial violation for an abuse of discretion. *Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d at 730. "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend. VI. In *Inzunza*, the court adopted a four-part balancing test to evaluate claims alleging a violation of the Sixth Amendment right to speedy trial. 135 Nev., Adv. Op. 69, 454 P.3d at 731. The factors to consider are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (alteration in original) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). No single factor is determinative. *Id.* I conclude that the district court abused its discretion, because this case cannot not survive a straightforward application of *Inzunza*.

*Length of delay*

To trigger speedy trial review, "the length of the delay must be presumptively prejudicial," approximately a year or longer. *Id.* The 31-month delay in this case satisfies this requirement. *See id.* (affirming the district court's finding that a 26-month delay satisfied this requirement). Once this initial requirement is met, the court is to consider that "[t]he length of time extending beyond the threshold one-year mark tends to

SUPREME COURT
OF
NEVADA

(O) 1947A

2

correlate with the degree of prejudice the defendant suffers [such that it] will be considered under factor four—the prejudice to the defendant." *Id.*

*Reason for delay*

The reason-for-delay factor "focuses on whether the government is responsible for the delay and is the focal inquiry in a speedy trial challenge." *Id.* (internal quotation marks omitted). The court's tolerance for the State's wrongdoing "varies inversely with the length of the delay that the" wrongdoing causes. *Id.* at 732 (internal quotation marks omitted).

The district court abused its discretion in finding that the State was merely negligent in causing the delay. First, the State knew where Davis lived in Las Vegas, yet made no effort to contact him at his home after the initial charges were filed. Before the charges were filed, the alleged victim gave a statement to the police that included Davis's address, where Davis had lived for over ten years. A detective then left a business card at Davis's home, upon which Davis called the detective and discussed the case. After the charges were filed, Davis received two jury summonses at his home address and he even filed a police report regarding a burglary at his home. Law enforcement, however, did not return to Davis's home to serve the arrest warrant for 31 months.

Second, the State knew of Davis's general whereabouts, yet made no effort to arrest Davis in Nevada. Between the arrest warrant's issuance and Davis's arrest, Davis bought a vehicle with easily identifiable custom plates and registered the vehicle twice with the Nevada Department of Motor Vehicles. Moreover, as a public figure, Davis attended numerous public events, including well-advertised poker tournaments on the Las Vegas Strip. Davis himself informed the public on his website that he would be attending specific poker tournaments in Las Vegas. The police also pulled Davis over while he was driving during the 31-month delay, upon

which officers ran his driver's license but failed to effect the arrest, let alone mention any arrest warrant.

It is clear that Davis went about his ordinary public life in Nevada. If Davis was hiding, he was hiding in plain sight. Entering the arrest warrant into the National Crime Information Center (NCIC) database and assigning it to a Criminal Apprehension Team that did not take any additional steps to locate Davis is insufficient to relieve the State of its negligence. *See id.* at 734-35 (reasoning that despite the defendant moving out of state, the State knew his whereabouts and should have taken more action than simply entering the arrest warrant into the NCIC database). Because Davis continued to live in Nevada, the State was more negligent here than it was in *Inzunza*, where the defendant moved across the country to New Jersey. *Id.* In this case, I conclude that the State was, at the least, grossly negligent in causing the 31-month delay.[1]

*Prejudice to the defendant*

Because the parties and district court agree that Davis timely asserted his right to a speedy trial, the third factor, the court should proceed to analyze the fourth factor—the prejudice to Davis. While *Inzunza* identified three categories of harm for courts to assess under this factor, the parties and the district court agree that only one is at issue here: "the possibility that the defense will be impaired." *Id.* at 732 (quoting *Barker*, 407 U.S. at 532). This factor is notoriously difficult to prove "because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'"

---

[1]The State raises the fact that Davis also possessed a California driver's license with a California address. This fact, however, is of no consequence to our analysis because the State concedes it failed to look for Davis at all.

*Doggett v. United States*, 505 U.S. 647, 655 (1992) (quoting *Barker*, 407 U.S. at 532). Courts therefore should be wary of requiring a demanding showing of proof on this factor, and instead should consider finding in the defendant's favor even when the defendant cannot make an affirmative showing that the delay harmed his ability to present a defense. *Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d at 732. While a delay of more than five years results in a presumption of prejudice, for a delay of one to five years, the court should consider that the length of time tends to correlate with the degree of prejudice. *Id.* at 732-33.

Because the State's gross negligence was the sole reason for the 31-month delay, Davis should be entitled to a presumption of prejudice. *Id.* at 735 ("[T]he State's gross negligence was the sole reason for the delay of 26 months—entitling Inzunza to a presumption of prejudice."). Even without a presumption of prejudice, Davis showed actual prejudice. Specifically, a potential alibi witness died during the delay and that testimony will never be heard. Moreover, Davis forever lost the opportunity to meaningfully challenge the alleged victim's credibility in court. This is particularly true because, had the trial begun sooner, the defense could have challenged the victim's veracity due to her inability to remember the specifics and dates of the allegedly traumatic crimes. However, due to such an extended delay, the jury would likely excuse the victim's inability to recall such information. I conclude that the district court therefore abused its discretion in finding that the delay did not actually prejudice Davis.

There is simply no meaningful way to distinguish the State's gross negligence in this case from that in *Inzunza*. As such, I conclude that the district court erred in its denial of Davis's motion to dismiss: Davis's

Sixth Amendment right to speedy trial was clearly violated. We should have entertained Davis's petition and granted this writ.

Respectfully, I dissent.

_____, J.
Stiglich

